Filed 5/27/21  P. v. Chandler CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GREGORY JASON CHANDLER,<br><br>    Defendant and Appellant. | G059482<br><br>(Super. Ct. No. 96ZF0038)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, John Conley, Judge.  Affirmed.

Mark Alan Hart, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Gregory Jason Chandler, previously convicted of first degree murder with a torture special circumstance, now appeals from the trial court's denial of his petition for resentencing under Penal Code section 1170.95 (Petition).[1]  He contends the trial court erred in denying the Petition without further evaluating the potential impact certain conspiracy related jury instructions may have had on the jury's conclusion concerning his intent to kill.  We disagree.  The jury instruction concerning the torture special circumstance only allowed the jury to find it to be true if the jury concluded defendant possessed the specific intent to kill.  Thus, the jury's true finding on the special circumstance means the record of conviction evidences, as a matter of law, defendant is not eligible for relief under section 1170.95.  We affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was convicted by a jury in 1997 of first degree murder (§ 187, subd. (a)).  The jury also found true special circumstance allegations that the murder involved the infliction of torture (§ 190.2, subd. (a)(18)).  Defendant was sentenced to life in prison without the possibility of parole.  This court affirmed the conviction on appeal, but modified the sentence to correct the amount of credit for time served in local custody. (*People v. Chandler and Scott* (July 21, 1999, G021910) [nonpub. opn.].)  Factual details concerning the crime may be found in this court's opinion concerning the underlying conviction.

In April 2019, defendant filed the Petition.  The trial court reviewed the facial sufficiency of the Petition, appointed counsel for defendant, received briefing from the prosecution and defendant's counsel and held a hearing concerning defendant's eligibility for resentencing.  In denying the Petition, the trial court concluded defendant was not eligible for resentencing because the record of conviction demonstrated he was not convicted of felony murder or murder under a natural and probable consequence

---

[1]  All further statutory references are to the Penal Code.

theory.  The court relied on the jury's true finding on the torture special circumstance allegation and the corresponding jury instruction which required an intent to kill.

Defendant timely appealed.

## DISCUSSION

Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  It accomplished that purpose by substantively amending sections 188 and 189 and adding section 1170.95.

Under section 188, subdivision (a)(3), as amended, "[m]alice shall not be imputed to a person based solely on his or her participation in a crime."  And under section 189, as amended, to be liable for murder based on felony murder or a natural and probable consequences theory, a person must fall into one of the following categories of people:  (1) the actual killer; (2) although not the actual killer, a person who intended to kill and assisted the actual killer in the commission of first degree murder; or (3) a major participant in the underlying felony who acted with reckless indifference to human life. (§ 189, subd. (e).)

Persons convicted of felony murder or murder under a natural and probable consequences theory may seek resentencing pursuant to section 1170.95.  (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)  The process begins by the person filing "a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts."  (§ 1170.95, subd. (a).)  Next, the trial court examines whether the petition is facially sufficient to show eligibility for relief.  (§ 1170.95, subd. (b)(2); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329, review granted March 18, 2020, S260493.)

3

If the petitioner makes this facial showing of eligibility, the court reviews readily ascertainable information, such as the record of conviction, to determine if the petitioner is ineligible for relief as a matter of law. (*People v. Verdugo, supra*, 44 Cal.App.5th at pp. 329-330; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137, review granted March 18, 2020, S260598 [to evaluate prima facie showing, trial court may rely on record of conviction, including appellate opinion concerning underlying conviction].) "[I]f the petitioner's ineligibility for resentencing under section 1170.95 is not established as a matter of law by the record of conviction, the court must direct the prosecutor to file a response to the petition, permit the petitioner (through appointed counsel if requested) to file a reply and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief. (*People v. Verdugo, supra*, 44 Cal.App.5th at p. 330.) Following briefing, if the trial court is convinced the petitioner has established a prima facie case of entitlement to relief, the court must issue an order to show cause, and thereafter hold a full hearing on the issue of entitlement. (§ 1170.95, subds. (c) & (d)(1).)

The beginning and the end of this appeal lies in the instructions given to the jury and the jury's true finding on the torture special circumstances allegation.

The torture special circumstance requires an intent to kill. (§ 190.2, subd. (a)(18).) Consistent with this requirement, the jury was instructed using CALJIC 8.80.1 as follows: "If you find a defendant in this case guilty of murder of the first degree, you must then determine if the following special circumstance: [*sic*] is true or not true: the murder was intentional and involved the infliction of torture. [¶] . . . [¶] If you find that a defendant was not the actual killer of a human being, or if you are unable to decide whether the defendant was the actual killer or an aider and abettor or co-conspirator, you cannot find the special circumstance to be true as to that defendant unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill aided, abetted, commanded, or assisted any actor in the commission of the murder in the first

4

degree.  [¶] You must decide separately as to each of the defendants the existence or nonexistence of each special circumstance alleged in this case."

The jury found the torture special circumstance true as to defendant.  Thus, given the jury instruction language, it must have concluded either defendant was the actual killer or, even though not the actual killer, he possessed the specific intent to kill. This makes defendant ineligible for resentencing as a matter of law.

Relief under section 1170.95 is available only to those "'convicted of felony murder or murder under a natural and probable consequence theory . . . .'" (*People v. Martinez, supra*, 31 Cal.App.5th at p. 723.)  The record of conviction definitively shows defendant is not such a person.  Accordingly, the trial court correctly determined defendant was not eligible for relief under section 1170.95 as a matter of law. It follows the court did not err by dismissing the Petition without first issuing an order to show cause.  (*People v. Verdugo, supra*, 44 Cal.App.5th at p. 330.)

**DISPOSITION**

The order is affirmed.


THOMPSON, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.


5